**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTIAGO ANTONIO AGUILAR-
GARCIA,

     Petitioner,

 v.

PAMELA BONDI, Attorney General,

     Respondent.

No. 24-5193

Agency No.
A200-003-615

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Homeland Security

Submitted May 15, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

 Santiago Antonio Aguilar-Garcia ("Aguilar-Garcia"), a native and citizen of

El Salvador, petitions for review of the Immigration Judge's ("IJ") negative

reasonable fear determination made in the context of the Department of Homeland

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security's ("DHS") 2024 reinstatement of his 2008 removal order. We review the IJ's adverse reasonable fear determination for substantial evidence. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). Accordingly, we must uphold the IJ's conclusion "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016)) (internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. "A noncitizen demonstrates a reasonable fear of persecution or torture by establishing a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1044 n.2 (9th Cir. 2023) (quoting 8 C.F.R. §§ 208.31(c) & (e), 1208.31(c) & (e)) (internal quotation marks omitted). The requirement that the applicant shows that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

Here, Aguilar-Garcia does not dispute the IJ's determination that there was a lack of nexus between the harm and a protected ground, and thereby has waived

such challenge. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Moreover, he does not dispute the IJ's finding that he failed to establish a reasonable possibility of torture upon return to El Salvador. *See id.* Therefore, we must uphold the IJ's negative reasonable fear determination.

2. The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED**.